IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of Amwerica, ex Rel., Mario Humberto Figueroa, and Elmer Arnulfo Figueroa,<br><br>Plaintiffs,<br><br>vs.<br><br>Covan World-Wide Moving, Inc. and Coleman American Moving Services, Inc.,<br><br>Defendants. | C/A No. 3:12-cv-01144-JFA<br><br><br><br>**ORDER** |

### I.  INTRODUCTION

This matter is before the Court on Plaintiffs' Motion to Compel Disclosure in Response to Plaintiffs' Fifth Request for Production. (ECF No. 156). Based on the briefs submitted by the parties and the arguments made by counsel during hearings on similar issues, the Court does not believe that a hearing on this motion will aid in its decision-making process.

### II.  DISCUSSION

In their motion to compel, Plaintiffs seek production of (1) photographs, videos, and recordings of the inspections that occurred at the San Diego and Woodbridge inspections, (2) unreacted versions of documents produced by Defendants, and (3) email correspondence to, from, or concerning the Realtors.

1

**Photographs, Videos, and Recordings of Inspections**

On June 6, 2014, this Court granted Plaintiffs' motion requesting permission to inspect three of the Defendants' warehouses. (ECF No. 95). Two of the facilities inspected as a result of that Order were Defendants' service centers in San Diego, California and Woodbridge, Virginia. During those inspections, several of Defendants' employees/agents took video footage and photographs. Since completion of the inspections, Plaintiffs have requested production of all such recordings and photographs in Defendants' possession. Defendants have refused to produce these materials sounding objections in attorney/client privilege and work-product privilege, on the basis that counsel for Defendants instructed these employees and agents to take the videos and photographs of the warehouse inspections. Defendants also assert these videos and photographs will be used as a basis for formulation of defense theories and expert opinions.

It appears to the Court, Defendants are attempting, again, to claim selective privilege to the videos and photographs, essentially refusing to produce the information sought based on privilege, but attempting to use the information as part of their case. As previously articulated by this Court in prior Orders, a party cannot selectively waive a privilege. (ECF No. 169). Additionally, the Court concludes these materials do not constitute "communications" as contemplated by the privilege rules. Therefore, Defendants are directed to produce all videos, recordings, and photographs taken during the San Diego and Woodbridge warehouse inspections.

**Unredacted Versions of Documents Produced by Defendants**

Plaintiffs also seek the production of unredacted versions of eighteen (18) documents produced by Defendants in response to discovery requests.[1] These documents largely pertain to

---

[1] These documents were submitted *in camera* for the Court's review and bear Bates numbers: COVAN-0097845 through COVAN-00097852 and COVAN-0097975 through COVAN-0097984.

personnel records of specific employees of Defendants' companies. Plaintiffs argue the redactions were improper and conceal critical information. They also point to the Confidentiality Order entered by the Court, and argue that Defendants should be required to produce unredacted versions of these documents and designate them "Confidential." In opposition, Defendants maintain that only non-responsive information was redacted from the documentation, and that Plaintiffs are not entitled to information that encompasses the entire span of an employee's tenure with Defendants' companies.

The Court is constrained to deny this portion of Plaintiffs' motion. It appears Defendants have produced all information responsive to Plaintiffs' requests for the relevant time period at issue in this case, i.e. 2007 forward. The issuance of a Confidentiality Order in this case does not give Plaintiffs carte blanche to request all documentation related to Defendants' employees with the expectation that Defendants' can merely designate the documents "Confidential." The Federal Rules of Civil Procedure require that all discovery sought be relevant to the claims and defenses. *See* Fed. R. Civ. P. 26(b)(1). A confidentiality order does not obviate this fundamental requirement. Accordingly, the Court denies Plaintiffs' request for production of unredacted versions of the eighteen documents produced by Defendants.

### Email Correspondence To, From, or Concerning Realtors

Plaintiffs' last portion of their motion seeks production of all email correspondence to, from, or concerning the Realtors. Defendants objected to production of these emails, largely based on the failure of Plaintiffs to define the scope and subject matter sought. Defendants contend they have produced all emails sent to and from Realtor Elmer Figueroa[2] from 2007 to present, and have produced all emails from all custodians listed in Plaintiffs' requests and CID that concern or discuss both Relators from 2009 until October of 2012.

---

[2] Defendants have stated in their brief that Relator Mario Figueroa did not have a company-issued email address.

3

The Court agrees that Plaintiffs' request, as currently worded, is broad and lacks any temporal parameters, as it seeks the production of "all email correspondence." However, the Court also acknowledges the relevant information that may be ascertained from emails related to the Realtors. Therefore, to the extent they have not already been produced, Defendants are ordered to produce all email correspondence from 2007 to the present that is to, from, or concerning Realtors Mario Figueroa and Elmer Figueroa.

### III.    CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** in part Plaintiffs' motion to compel and **DENIES** in part Plaintiffs' motion to compel. Plaintiffs' request for sanctions is **DENIED**.

IT IS SO ORDERED.

November 20, 2014                           Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge